STATE ex rel. LOWE et al. v. CADEN-HEAD et al.

No. 1989.

Court of Civil Appeals of Texas. Eastland.

May 19, 1939.

Rehearing Denied June 16, 1939.

John Lee Smith, of Throckmorton, and Gerald C. Mann and George S. Berry, both of Austin, for appellants.

Tom Davis, of Haskell, for appellees.

FUNDERBURK, Justice.

Weinert Rural High School District No. 50, located wholly in Haskell County, and comprising over one hundred square miles of territory, exists as the result of an attempted grouping of a number of common school districts with, or annexation of same to, Weinert Independent Consolidated School District, effected by means of an election ordered by the Board of County School Trustees of Haskell County on September 2, 1938, and held October 8, 1938, resulting in favor of the proposition to authorize the grouping or annexation of said districts. Dr. James F. Cadenhead and six others were appointed by the County Board of School Trustees as trustees of said Rural High School District.

This action—a quo warranto suit—was brought in the name of the State, by the Attorney General of Texas, on the relation of E. E. Lowe and others, against the said James F. Cadenhead and the other trustees of said Weinert Rural High School No. 50, seeking to adjudicate the alleged invalidity of said Rural High School District, and consequent want of authority of said individuals to act as its trustees. The facts were agreed to, in writing, and submitted to the trial court (without a jury) for judgment thereon. The judgment in part recites that "it was agreed in open court by counsel for relators and respondents that the sole and only question to be determined by the court was whether or not the act of the First Called Session of the 44th Legislature, 1935, Chapter 418, now Art. 2806a, Vernon's Ann.Civ.St., which act became effective on October 17th, 1935, repealed Art. 2922c, Vernon's Ann.Civ.St., under which the Weinert Rural High School No. 50 in Haskell County, Texas, was created. It was agreed and submitted in open court that if said Article 2806a when taken in connection with Art. 2922aa, Vernon's Ann.Civ.St., did not repeal Article 2922c, * * * then the Weinert Rural High School District No. 50, in Haskell County, Texas, was legally organized and the relators had no cause of action against the respondents."

The court having given judgment against the relators in favor of the respondents, the former have appealed, thereby presenting to this court for decision the sole question before the court below as stated in the judgment.

Revised Statutes 1925, Art. 2806, relates to consolidations of school districts. Revised Statutes 1925, Art. 2922a (Vernon's Ann.Civ.St. art. 2922a), and Art. 2922c, with others of the same Act (R.S.1925, Title 49, Chapter 19A) relate to a grouping or annexation of school districts. The subject matter of the former and latter is entirely

different. Article 2806, as amended in 1931, 42d Leg., p. 182, ch. 106, § 1, Vernon's Ann. Civ.St. Art. 2806, authorized *consolidations* of school districts under different circumstances or combinations of fact, as follows: (1) Contiguous common school districts with each other; (2) contiguous independent school districts with each other; (3) common school districts with contiguous independent school districts. In the latter case, (3), and applicable to it alone, was the provision that "the district so created shall be known by the name of the independent school district included therein, and the management of the new district shall be under the existing board of trustees of the independent school district, and all the rights and privileges granted to independent districts by the laws of this State shall be given to the consolidated independent district created under the provisions of this law."

Similarly, school districts were authorized under said Arts. 2922a and 2922c, to be grouped, or annexations of one or more to another made, to form a Rural High School District, according to different circumstances or combinations of fact, as follows: (a) By grouping contiguous common school districts having less than 400 scholastic population; (b) by grouping independent school districts having less than 250 scholastic population; (c) by annexing one or more common school districts to a common school district having 400 or more scholastic population; (d) by annexing one or more independent school districts having less than 250 scholastic population to a common school district having 400, or more, scholastic population; (e) by annexing one or more common school districts to an independent school district having 250 or more scholastic population, and (f) by annexing one or more independent school districts having less than 250 scholastic population to an independent school district having 250 or more scholastic population.

■■ Applicable to only one of said circumstances, (e) is the provision of R.S. 1925, Art. 2922b that "all independent school districts enlarged by the annexation thereto of one or more common school districts as provided for in Article 2922a shall retain its status and *name* as an *independent school district,* and shall continue to operate as an *independent school district* under the provisions of the existing laws and the laws hereafter enacted governing other *independent school districts,* except as

otherwise provided for herein." (Italics ours). When read in connection with Art. 2806 on the one hand, relating to *consolidations,* and Arts. 2922a and 2922c on the other, relating to *groupings* or *annexations* of districts to form Rural High School Districts, it appears that Vernon's Ann.Civ.St. Art. 2806a, § 1, while clearly a validation statute, applicable to elections and other proceedings under both arts. 2806, and also Arts. 2922a and 2922c, does not purport to validate all acts or proceedings authorized by said statutes. As it relates to, and validates, proceedings under Art. 2806, it, by its express terms, is confined to *"consolidations or attempts at consolidation* of a *common school district* or *districts* with a contiguous *independent school district."* (Italics ours). As it relates to, and validates, proceedings under Arts. 2922a and/or 2922c, it is expressly confined to *"annexations* of one or more *common school district* with an *independent school district * * *."* (Italics ours). With the scope of said Art. 2806a as a validating act thus limited, it appears that the language therein "Such independent school districts so created or established shall be known by the name of the independent district included therein", whether referable to *consolidations* under Art. 2806 or *groupings* or *annexations* under Art. 2922a or Art. 2922c, was, in substance and effect, but a re-affirmation of the law as it already existed. The same is equally true of the further clause: "and the management of the said new district shall be under the existing board of trustees of such included independent school district and shall have all the rights and privileges conferred upon independent school districts under General Law, as well as those conferred upon such included independent district by any Special Law, if said district is acting under a Special Act."

■■ We are of the opinion that a mere re-affirmation of the already existing provisions of statutes, in an act validating proceedings under color of such statutes, cannot be held to repeal any statute by implication. Unless the above quoted provision had the effect to change the law then existing, which, in our opinion, for the reasons above stated, it did not, then there was nothing in the validating act to which the repealing clause thereto could apply with any effect. Because an act of the Legislature may by reason of a repealing clause logically indicate that the Legislature had in mind the possibility that there were laws in conflict therewith would, we think, be

no warrant for holding any statute repealed by implication, which was not in conflict with any provision of the validating act.

 It will be observed that we have thus far discussed and disposed of the question of repeal in general terms. Specifically, the contention of appellants is, as we understand it, that Vernon's Ann.Civ.St. Art. 2806a repealed Art. 2922c, particularly wherein the latter authorized the County Board of School Trustees to order and declare the result of elections held under authority of said statute. A mere reading of said Art. 2922c will not disclose that it granted such authority. That effect of said article in connection with those of the same act, is recognized as the result of a decision of the Supreme Court upon a question of construction. Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770, decided May 16, 1931. Said Art. 2806a became effective in October, 1935, long after the former statute had received its settled construction. Even if we are in error in the conclusion that Art. 2806a made no change in the pre-existing law and its only effect was a validation of limited operation it would not follow, we think, that there was necessarily any change in the law affecting the question of whether the County Board of School Trustees has authority to order the elections provided for in Art. 2922c. Importance seems to be attached by appellants to Vernon's Ann.Civ. St. Art. 2922aa (1937) which, in providing for the *consolidation* of Rural High School Districts with contiguous common school districts, to be effected by elections, provides that the required elections shall be held "in conformity with Art. 2806, R.S. of Texas, 1925." The importance is not apparent when it is considered that generally elections for *consolidations,* as distinct from elections to authorize the grouping or annexation of districts to form rural high school districts, are, as already noticed, required to be held in conformity with said Art. 2806, which is to say, said elections shall be ordered by the county judge and returns canvassed and results declared by the County Commissioners' Court. When school districts are *consolidated* they cease, for most purposes at least, to have any independent existence. On the other hand, when school districts are grouped or one or more annexed to another under the authority of said chapter 19A, Title 49 of the R.S.1925, to form a rural high school district, the former districts do not cease to have an independent existence. As to such districts comprising rural high school

districts it is provided in R.S.1925, art. 2922b, that they, "whether common or independent", shall "be referred to * * * as elementary school districts." Since the Legislature as its acts have been construed by the Supreme Court (Countz v. Mitchell, supra) has provided that elections for *consolidations* shall be ordered by the county judge, and elections on the question of *grouping* or *annexing* of districts to form rural high school districts shall be ordered by the county board of school trustees, no inconsistency is apparent in the provision of the new act that the *consolidation* of rural high school districts with common school districts be determined by elections to be ordered by the county judge.

It is our conclusion that the judgment of the court below should be affirmed, and it is so ordered.