**BLANCO COUNTY BOARD OF SCHOOL TRUSTEES et al. v. MT. VIEW COMMON SCHOOL DIST. NO. 18 et al.**

**No. 8985.**

Court of Civil Appeals of Texas. Austin.

June 12, 1940.

N. T. Stubbs, of Johnson City, for appellants.

Emmett Shelton, of Austin, for appellees.

BLAIR, Justice.

Appellees, as trustees of Mt. View Common School District No. 18, Live Oak Common School District No. 2, and McKinney Common School District No. 3, and as individual taxpayers, instituted this proceeding not against the County Board of Trustees of Blanco County as a body corporate or politic, but only against the individual members of such board, seeking to perpetually enjoin them from "enforcing the results of an election" held to determine whether said appellee common school districts should be annexed or grouped with the Blanco Rural High School District No. 1, which was not made a party to the suit as a body corporate or politic, nor were its trustees made parties to the suit. The trustees of the Board of County School Trustees filed a plea in abatement upon the ground that the County School Board as a body corporate or politic was a necessary party defendant,

which was overruled, and on the trial judgment was rendered perpetually enjoining the Board of County School Trustees from enforcing the results of the election which authorized the annexing and grouping of said aforementioned four districts. The Board of County School Trustees asked leave to file and did file a motion to set aside the judgment against it, because it was not a party to the suit, and for a new trial setting up various grounds as to why the judgment was erroneous. This motion was overruled; hence this appeal by the County Board.

The law is settled that in suits involving the validity of rural high school districts and their annexing or grouping with common school districts, the corporate county school board and the corporate board of each district affected should be sued as such; and that where it appears on the face of the record on appeal that such a necessary or affected corporate board was not made a party, the error is fundamental, requiring a reversal of the judgment. Butman v. Jones, Tex.Civ. App., 24 S.W.2d 796, 797; Bell v. Ditmore, Tex.Civ.App., 38 S.W.2d 397. In accordance with this conclusion, the judgment of the trial court is reversed and the cause is remanded.

In remanding the cause, however, and if parties are made and another trial is had, we hold that the only issue in the case is whether the election was called for the purpose of annexing or grouping the common school districts with the existing Blanco Rural High School District No. 1, as distinguished from the consolidation of the districts involved. As presented by the record here, it was conclusively shown that the election was called for the purpose of annexing and grouping the districts, and although some irregularities existed, they were not sufficient to invalidate the election or the order of the County Board annexing and grouping them. That is, the record conclusively shows that the election was legally and regularly held and the results declared, and the several school districts were annexed or grouped into the Blanco Rural High School District No. 1, as provided for by Art. 2922a and Art. 2922c of the R.S. Vernon's Ann.Civ.St. arts. 2922a, 2922c. Trinity Ind. School Dist. v. District Trustees, Tex. Civ.App., 135 S.W.2d 1021, writ refused. The election was not for the consolidation of the districts, and therefore the contention of appellees that the election should have been called and held as provided for by Arts. 2922aa and 2806, R.S., Vernon's Ann.Civ.St. arts. 2922aa, 2806, is not sustained by the record presented.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.