## MT. VIEW COMMON SCHOOL DIST. et al. v. BLANCO COUNTY BOARD OF SCHOOL TRUSTEES et al.

No. 9117.

Court of Civil Appeals of Texas. Austin.

Feb. 26, 1941.

Rehearing Denied March 19, 1941.

Emmett Shelton, of Austin, for appellants.

N. T. Stubbs, of Johnson City, for appellees.

BLAIR, Justice.

This suit is a contest of an election authorizing the annexing or grouping of three contiguous common school districts with the Blanco Rural High School District No. 1, the territory of the four districts being more than 100 square miles. On a former appeal (141 S.W.2d 751), we reversed the judgment declaring the election invalid; but remanded the cause to make necessary parties, pointing out the controlling issues and the law applicable in view of another trial. Necessary parties were made and the trial resulted in judgment declaring the election to be valid; hence this appeal.

The agreed facts show that the Blanco Rural High School District No. 1 was created by final action of the County Board of School Trustees of Blanco County on May 1, 1939, by grouping three contiguous common school districts with the Blanco Independent School District No. 1. Thereafter, August 16, 1939, the County Board called an election to determine whether or not the contiguous McKinney, Live Oak, and Mt. View common school districts should be "annexed to and grouped with" the Blanco Rural High School District No. 1, embracing the territory of the four districts in a district to be known as the Blanco Rural High School District, and having a territory of more than 100 square miles. The election was called upon the petition of 73 voters residing within the territory of the four districts. The ballots read: "For the Annexation of Certain Districts" and "Against the Annexation of Certain Districts." The County Board canvassed the returns and found them to be favorable to the annexing or grouping and accordingly ordered that the three common school districts "be annexed to and grouped with" the Blanco Rural High School District No. 1, and the County Board did all things necessary to annex or group the three common school districts with the Blanco Rural High School District. Further agreed facts are as follows:

"In the election the results were as follows, to-wit: In the Live Oak Common School District there were 38 votes cast against annexation and 3 votes for annexation; in the Mt. View Common School District there were 17 votes cast against annexation and 1 vote for annexation; in the McKinney Common School District there were 22 votes cast against annexation and 11 votes for annexation and in the Blanco Rural High School District there were 150 votes for annexation and 25 votes against annexation."

"That on August 16, 1939, the school census showed for the school year beginning in September, 1939, that there were 230 white and 11 colored scholastics in the Blanco Rural High School District No. 1, as it existed prior to said election. That the scholastic population of the common school districts on August 16, 1939, were as follows: Mt. View Common School District had 29 scholastics, the Live Oak Common School District had 21 scholastics and the McKinney Common School District had 27 scholastics. The highest daily attendance at these schools during the school year 1938-1939 was as follows: Live Oak Common School District had 12, the McKinney Common School District had 13 and the Mt. View Common School District had 8. During the school year of 1939-40 the highest daily attendance was as follows: Live Oak Common School District had 8, the McKinney Common School District had 7 and the Mt. View Common School District had 8."

Under the agreed facts appellants make three contentions as follows:

1. That the election to determine if the contiguous common school districts should be annexed or grouped with the Blanco Rural High School District No. 1 should have been held under the provisions of Article 2922aa, Vernon's Ann.Civ. St. (Acts 1937, c. 416), instead of the provisions of Articles 2922a and 2922c.

2. That the agreed scholastic population of the respective districts involved did not authorize the annexation of the four districts under the provisions of Articles 2922a and 2922c.

3. That the provisions of Articles 2922a and 2922c do not authorize the grouping of common and independent school districts to form rural high school districts.

 These same points or contentions were made by appellants as appellees on the former appeal. In remanding the cause to make necessary parties, we held

that the record as presented showed a valid election for annexing or grouping of the common school districts with the Blanco Rural High School District No. 1 under the provisions of Art. 2922a and 2922c; and we specifically overruled appellants' similar contention to their above contention "1", holding that Arts. 2922aa and 2806 related solely to consolidation of common school districts with already formed rural high school districts, as distinguished from the annexing or grouping of common school districts with already formed rural high school districts. The effect of appellants' contention "1" is that Art. 2922aa either repealed Arts. 2922a and 2922c, or that it now provides the only method for consolidating, annexing or grouping of common school districts with already formed rural high school districts is to hold an election as provided for by Art. 2806, which must be called by the county judge and canvassed by the commissioners' court, and must have been authorized by a majority vote in each of the districts proposed to be consolidated.

In our former opinion we held that Arts. 2922aa and 2806 related solely to the matter of consolidation of school districts of various types, and that they had no application to the matter of annexing or grouping of school districts of various types to form rural high school districts which are authorized by Arts. 2922a and 2922c. This conclusion was based upon court decisions holding that in cases of consolidation all of the school districts are destroyed or cease to exist, and the new consolidated district supersedes or takes their place; whereas, in cases of annexing or grouping the various districts are not destroyed, but are continued under the provisions of Art. 2922b as elementary schools annexed to or grouped with the parent rural high school district for school purposes and controlled by it, and which rural high school district so created is by Art. 2922b continued as a common school district. This exact contention of appellants was made in the case of State ex rel. Lowe v. Cadenhead, Tex.Civ.App., 129 S. W.2d 743. The Cadenhead case involved the annexing or grouping of common school districts with an independent school district as the parent district, and it was contended that Art. 2922aa repealed the provisions of Arts. 2922a and 2922c with respect to annexing or grouping of school districts; the court holding that Art. 2922aa related solely to consolidation of

districts and did not effect a repeal of the articles providing for annexing or grouping of districts. To the same effect is Trinity Ind. School Dist. v. Dist. Trustees, Tex.Civ.App., 135 S.W.2d 1021.

It is next contended by appellants that the agreed scholastic population of the respective districts here involved, that is the Blanco Rural High School District No. 1 as it existed on August 16, 1939, with the contiguous three common school districts here involved, did not authorize the annexation of the four districts under the provisions of Arts. 2922a and 2922c. We overruled this contention on the former appeal without comment, and we overrule it on this appeal with this discussion of the matter: After the Blanco Rural High School District was formed by the County Board on May 1, 1939, it continued under the provisions of Art. 2922b as a common school district. The first sentence of Art. 2922a provides that: "The county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population." The agreed facts show that considering the Blanco Rural High School District No. 1 as a common school district and the other three districts grouped or annexed thereto as common school districts, specific authority is given the board to annex or group them by the above quoted language of Art. 2922a, with the further provision of Art. 2922c, which provides that no rural high school district as provided for herein shall contain an area greater than 100 square miles, unless the proposition of annexing or grouping is submitted to a vote of the qualified voters of the proposed rural high school district voting at an election called for such purpose by the county school board, which was the procedure followed by the board in the instant case. We also hold that the election in the instant case was to determine whether the three common school districts should "be annexed to and grouped with" the Blanco Rural High School District No. 1, another common school district as classified by Art. 2922b. And the question is now settled that where the proposed rural high school district does not contain more than seven elementary districts, but does contain more than 100 square miles, the issue is governed by the majority will of the entire proposed district as expressed by the qualified voters at an election called

by the county school board for the purpose of annexing or grouping; and that it is not necessary that the majority of the voters nor of the school trustees in each district involved consent to the formation of the proposed rural high school district. Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770; State ex rel. Lowe v. Cadenhead, supra; Wise Common School Dist. v. Castro County School Trustees, Tex.Civ.App., 141 S.W.2d 1028, error refused; County Board of School Trustees v. Mayfield Common School Dist., Tex.Civ.App., 140 S.W. 2d 956, error dismissed.

The remaining contention of appellants is that the provisions of Art. 2922a and 2922c do not authorize the grouping of common and independent school districts to form rural high school districts. This contention is answered by our above conclusion that after the formation of Blanco Rural High School District No. 1, it continued thereafter as a common school district under the provisions of Art. 2922b. Therefore the question of whether the statute authorized a grouping of common and independent school districts to form a rural high school district is not involved.

The judgment of the trial court will be affirmed.

Affirmed.