

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

November 5, 1949

Hon. Gene H. Mixson
County Attorney
Lipscomb County
Higgins, Texas

Opinion No. V-944.

Re: The authority of the
trustees of an inde-
pendent school dis-
trict to sell unused
school houses of dor-
mant school districts
following their con-
solidation.

Dear Mr. Mixson:

We refer to your request presenting, in sub-
stance, the following data and question:

The Lipscomb County School Board, act-
ing under Article VIII of Senate Bill 116,
51st Legislature, (codified as Art.2922-18,
in Vernon's Civil Statutes) by order consol-
idated Common School Districts Nos. 8, 9, 11
and a part of 6, all being dormant school dis-
tricts, with the Higgins Independent School
District in such county. Elections have been
held wherein bonded indebtedness has been as-
sumed and provision for levying a maintenance
tax has been made.

Located in the new district are three
abandoned school houses which were used, at
one time, by the dormant Common School Dis-
tricts. School has not been held in them for
many years. They are standing in disuse, un-
repaired, and are rapidly deteriorating. If
sold, they will probably bring $200 to $400
a piece.

Question: May the Board of Trustees of
Higgins Independent School District sell these
abandoned school houses and invest the pro-
ceeds in more convenient and desirable school
property? If so, must the consent of State
Department of Education be obtained?

We assume for purposes of this opinion that the

buildings in question were acquired or constructed and maintained with public money; that they are owned and held in trust for school purposes.

Article VIII of Senate Bill 116, Acts 51st Legislature, provides in part as follows:

". . . the Board of Trustees for the district with which such dormant school district is consolidated shall continue to serve, and be, the Board of Trustees for the new district. In each such case, the consolidation order of the County Board of Trustees shall define by legal boundary description the territory of the new district as so enlarged and extended, and said order, including the description of the district, shall be recorded in the minutes of the County Board of Trustees and otherwise as provided by law. Elections shall be held in such consolidated districts for the assumption of outstanding bonds, if any, for the levying of taxes therefor, and for the levying of a local maintenance tax; said elections to be ordered and held as now provided by law." (Emphasis added).

Temple I.S.D. v. Proctor, 97 S.W.2d 1047 (Tex. Civ.App.1936, error ref.) holds that Article 2780 is applicable to all types of independent school districts, whether in incorporated cities or not.

Article 2780, Vernon's Civil Statutes, provides:

"Said trustees shall adopt such rules, regulations and by-laws as they may deem proper, and the public free schools of such independent school district shall be under their control; and they shall have the exclusive power to manage and govern said schools, and all rights and titles to property for school purposes heretofore vested in the mayor, city councils, or school trustees by Articles 3995, 4013 and 4032, Revised Statutes of 1895, or other statutes, general and special, except such cities as are exempted by this title, shall be vested in said board of trustees and their successors in office, and their claims

Hon. Gene H. Mixson, page 3  (V-944)

shall apply to any action or suit which may
arise to which said board is a party."

Under the express provisions of Article VIII
of Senate Bill 116, a new district was created when the
county board by its order consolidated the dormant dis-
tricts to the Higgins Independent School District. The
trustees of former Higgins district are now the trus-
tees of the enlarged new Higgins Independent School Dis-
trict. The former common school districts, defined as
dormant in Article VIII, by reason of their consolida-
tion with the Higgins district, have ceased to exist.
State v. Cadenhead, 129 S.W.2d 743 (Tex.Civ.App.1939,
error ref.). Thus, the school properties, title to which
prior to the consolidation was vested in the boards of
trustees of the dormant common school districts, is now
vested in the Board of Trustees of the Higgins Indepen-
dent School District and their successors in office by
reason of the consolidation and in accordance with the
provisions of Article 2780, V.C.S., Love v. City of Dal-
las, 120 Tex.251, 40 S.W.2d 20, at p. 26 (1931); Houston
v. Gonzales I.S.D., 229 S.W. 467, (Comm.App.1921); Len-
der v. Victoria County, 131 S.W. 821, (Tex.Civ.App.1910);
37 Tex.Jur. 946, Schools, Sec.79; A.G.Opinions Nos. 0-
5354 and 0-7265.

With respect to the authority of the board of
trustees of an independent school district to sell school
property of the district we quote from Article 2773:

"Any houses or lands held in trust by
any city or town for public free school pur-
poses may be sold for the purpose of invest-
ing in more convenient and desirable school
property, with the consent of the State Board,
by the board of school trustees of such city
or town; and, in such case, the president of
the school board shall execute his deed to the
purchaser for the same, reciting the resolution
of the State Board giving consent thereto and
the resolution of the board of trustees auth-
orizing such sale."

Previous Attorney General opinions 0-415 and
0-1570 hold that the procedure to be followed by boards
of trustees of independent districts in selling abandon-
ed school buildings and grounds is that provided in Art-
icle 2773, V.C.S. R.B.Spencer & Co. v. Brown, 198 S.W.
1179, (Tex.Civ.App.1917, error ref.). Opinion 0-1570

Hon. Gene H. Mixson, page 4  (V-944)

further holds that independent school districts may dispose of property no longer needed for school purposes, only if it is necessary to do so to acquire other property which is more suitable; that such property may not be sold for the purpose of putting the proceeds in the local maintenance fund of the district.

With the foregoing in mind, it is our opinion that the Board of Trustees of the Higgins Independent School District may dispose of the abandoned buildings in accordance with the procedure set out in Article 2773. This law requires that the board of trustees meet and adopt a resolution evidencing their decision to sell the buildings. Then the consent resolution of the State Board of Education must be secured, and finally the president of the Higgins Board of Trustees must execute the deed to the purchaser. The two resolutions should recite the purpose of the sale, and the deed should refer to both resolutions.

SUMMARY

Abandoned school buildings in dormant districts consolidated with an independent school district under Article VIII of Senate Bill 116, Acts of the 51st Legislature, may be sold by the board of trustees of the newly created school district in accordance with the provisions of Article 2773, V.C.S. Art. 2780, V.C.S.; Love v City of Dallas, 120 Tex. 351, 40 S.W.2d 20; Houston v. Gonzales I.S.D., 229 S.W.467; Lander v. Victoria County, 131 S.W. 821; R.B.Spencer & Co. v. Brown, 198 S.W. 1179; A.G.Opinions Nos.0-415, 0-1570, 0-5354, 0-7265.

Yours very truly,

APPROVED

Price Daniel
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By James E. Ferguson
James E. Ferguson
Assistant

Chester E. Ollison
Assistant

JEF:CEO:bh:mw