

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

April 6, 1950

Hon. Carl Miller
Criminal District Attorney
Rockwall, Texas

Dear Sir:

Opinion No. V-1036

Re: Consolidation of a
rural high school dis-
trict with contiguous
common school dis-
tricts under S.B.230,
Acts 51st Leg., 1949.

We refer to your recent letters wherein you state that Royse City Independent School District was organized and formed by groupings and annexations under Title 49, Chapter 19A, Revised Civil Statutes, 1925, as amended, pertaining to rural high school districts, and that it is a county-line district with its territory lying within Rockwall, Hunt and Collin Counties. The district desires to consolidate with two contiguous common school districts lying within Hunt County, and it has been suggested that the district accomplish the consolidation under Senate Bill 230, Acts 51st Leg., R.S., 1949, ch. 573, p.1118.

You request an opinion on the following questions relative thereto:

1. Does Section 1 of S. B. 230 (Art. 2815-2, Sec. 1, V.C.S.) authorize consolidation of Royse City Independent School District with contiguous common school districts in the manner provided in Article 2806?

2. Under Section 1 of S. B. 230, would such Royse City district be treated as one district for voting purposes in such a consolidation election; that is, would a majority of the votes cast in the entire Royse City district control on the question of its decision to consolidate?

3. Under Section 4 of S. B. 230 (Art. 2815-2, Sec. 4, V.C.S.) would the new district resulting from such a consolidation enjoy full status as an independent school district not

comprised of several existing elementary districts?

Senate Bill 230, Acts 51st Leg., R.S. 1949, ch. 573, p. 1118 (Art. 2815-2, V.C.S.) provides in part as follows:

"Sec. 1.  Rural high school districts (whether formed by grouping or by annexation), common school districts, common county line school districts, independent school districts, and county line independent school districts, including elementary districts which, without a separate majority vote therein, were annexed to or grouped with other districts under Chapter 59, Acts of the 39th Legislature, as amended, relating to rural high school districts, may be consolidated in the manner provided by Article 2806, Revised Civil Statutes, as amended; provided, however, that no such elementary district may be consolidated under this Act with any other district if, at the time of presenting a petition for the consolidation election, the district with which it was attached or grouped has bonds actually outstanding which were voted and issued after it was so annexed or grouped.  Provided further, that each such rural high school district included in such consolidation shall be considered as one district for voting purposes in such consolidation election.  The proposition to be submitted at the consolidation may specify the name of the district, and such name need not contain the word 'consolidated'.

"Sec. 2.  If a majority of the votes cast in each district is in favor of the consolidation, they shall be consolidated. . .

"Sec. 4.  Any district formed by a consolidation under this Act shall constitute an independent school district and be governed by the General Laws applicable to independent school districts, and it may thereafter be consolidated with any other district or districts under the provisions of this Act."

Senate Bill 230 authorizes the consolidation of any existing high school district (organized or formed by groupings or annexations under Chapter 59, Acts of

the 39th Legislature, as amended) with any other contiguous school district or districts in the manner provided in Article 2806, as amended. Its language is clear and unambiguous. The provisions of Chapter 59, Acts of the 39th Legislature, as amended, relative to groupings and annexations of school districts, are contained in Title 49, Chapter 19A, Revised Civil Statutes, 1925, and as amended are codified as Articles 2922a, et seq., in Vernon's Civil Statutes.

Prior to the enactment of Senate Bill 230, the consolidation of a high school district (organized by groupings or annexations under Articles 2922a and/or 2922c) with any contiguous common school district was provided for and authorized in Article 2922aa, V.C.S., enacted in 1937. The provision in that law requiring the consolidation election to be held in conformity with Article 2806 is retained in Senate Bill 230, but all its remaining provisions insofar as they conflict with this later law have been superseded thereby.

School districts which contemplate consolidation with contiguous school districts under authority of Senate Bill 230 are referred thereby to the procedure supplied in Article 2806, but insofar as procedural provisions are present in Senate Bill 230 which conflict with those of Article 2806, Senate Bill 230, being the later law, prevails.

Under the submitted facts, Royse City Independent School District was formed by groupings and annexations under Title 49, Chapter 19A, Revised Civil Statutes, as amended, pertaining to rural high school districts. It is our opinion that Senate Bill 230 authorizes consolidation of the District with contiguous districts, common or otherwise, in the manner or procedure provided in Article 2806 and Article 2815-2.

Since the Royse City District is comprised of territory lying in three counties, Rockwall, Hunt and Collin, it is a county-line district. With respect to the consolidation of a county-line district, we find in Article 2806:

"On the petition of twenty (20) or a majority of the legally qualified voters of each of . . . one or more independent school districts and one or more common school districts constituting as a whole one continuous

Hon. Carl Miller, page 4 (V-1036)

territory, praying for the consolidation of
such districts for school purposes, the Coun-
ty Judge shall issue an order for an election
to be held on the same day in each such dis-
trict. The County Judge shall give notice of
the date of such elections by publication of
the order in some newspaper published in the
county for at least twenty (20) days prior to
the date on which such elections are ordered,
or by posting a notice of such elections in
each of the districts, or by both such publi-
cation and posted notice as may be elected by
the County Judge. The Commissioners Court
shall at its next meeting, canvass the returns
of such elections, and if the votes cast in
each and all districts show a majority in
each district voting separately in favor of
such consolidation, the Court shall declare
the school district consolidated. Provided
that if any such district or districts are
situated wholly in a county other than the
county or counties embracing any other such
district or districts the petitions and elec-
tion orders prescribed in this Act shall be
addressed to and issued by the respective
County Judges of the respective counties in
which such districts respectively lie, each
County Judge ordering the election for the
district or districts in his county, and the
Commissioners Courts of such respective coun-
ties shall canvass the returns and declare the
results of the elections in the district or
districts of their respective counties . . .;
provided further, that when it is proposed to
consolidate contiguous county-line districts,
the petitions and election orders prescribed
in this Act shall be addressed to and issued
by the County Judge of the county having jur-
isdiction over the principal school of each
district and the results of the election shall
be canvassed and declared by the Commission-
ers Court of said county."

The answer to your second question is found in
Section 1 of Senate Bill 230, which expressly provides
"that each rural high school district included in such
consolidation shall be considered as one district for
voting purposes in such consolidation election." There-
fore, the majority of the votes cast in the entire Royse

City district would control on the question of its decision to consolidate.

When school districts are <u>consolidated</u> in conformity with Article 2806, they cease to have any independent existence. On the other hand, when school districts are grouped or one or more annexed to another under authority of Articles 2922a, et seq., to form a rural high school district, the former districts do not cease to have an independent existence. As to such districts comprising rural high school districts, it is provided in Article 2922b that they, whether common or independent, shall be referred to as elementary school districts. <u>State v. Cadenhead</u>, 129 S.W.2d 743 (Tex.Civ. App. 1939, error ref.). Furthermore, Section 4 of Senate Bill 230 itself expressly provides that "any district formed by a consolidation under this Act shall constitute an independent school district and be governed by the General Laws applicable to independent school districts." The general laws applicable to independent school districts, unlike those applicable to rural high school districts, contain no provisions recognizing the existence of elementary districts within independent school districts resulting from consolidations. Therefore, any district resulting from a consolidation election authorized and held under Senate Bill 230 will occupy the status of an independent school district. It will be subject only to the general laws applicable to independent school districts, as distinguished from those laws applicable to rural high school districts.

## SUMMARY

Under Senate Bill 230, Acts 51st Leg., R.S. 1949, ch. 573, p.1118 (Art.2815-2, V.C. S.), any high school district (organized or formed by groupings or annexations under Articles 2922a, et seq., V.C.S.) may consolidate with any other contiguous school district or districts in the manner provided in Article 2806, V.C.S. and Senate Bill 230.

A rural high school district included in a proposed consolidation shall be considered as one district for voting purposes in such consolidation election. Sec.1, S.B. 230, supra.

Any district resulting from a consolidation election had in accordance with Senate Bill 230 will occupy the status of an independent school district, subject to general laws applicable to independent school districts, and not to the laws applicable to rural high school districts.  Sec.4, S.B.230, supra.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

By *Chester E. Ollison*
Chester E. Ollison
          Assistant

CEO:bh:mw