STATE ex rel. CHILDRESS v. COUNTY SCHOOL TRUSTEES OF SHELBY COUNTY et al.

No. 4687.

Court of Civil Appeals of Texas. Beaumont.

Sept. 28, 1950.

Rehearing Denied Oct. 25, 1950.

Emmett Wilburn, Lane & Anderson, Center, for appellants.

Dudley Davis, Center, for appellees.

R. L. MURRAY, Justice.

This is an action in the nature of quo warranto in which it is sought to have adjudged illegal and void an order of the County School Trustees of Shelby County, State of Texas, passed on October 1, 1949, by which said trustees undertook to form or create a rural high school district by annexing Jackson Common School District No. 77 of Shelby County, Fellowship Consolidated Common School District No. 74 of Shelby County, and Eagle Mill County Line Common School District No. 36 of Shelby and Panola Counties to Joaquin Independent School District No. 38 of Shelby County, Texas, and to name the district which they thus undertook to create, "Central Consolidated Rural High School District No. 36 of Shelby County, Texas." The action also seeks to have it adjudged that the persons appointed by the County School Trustees as trustees of the district which the aforesaid order undertook to create are acting without legal authority.

The action was brought in the name of The State of Texas by the district attorney of the 123rd Judicial District, on the relation of J. H. Childress, and was instituted in the district court of Shelby County. The above-named school districts, including the purported rural high school district the legality of which is under attack, the trustees of each of said districts (in their corporate capacities), the persons now acting as trustees of said purported rural high school district, the County School Trustees of Shelby County, State of Texas (in their corporate capacity), and the County School Superintendent of Shelby County were all named as defendants in the suit.

The legality of the order of annexation was assailed on the grounds that the County School Trustees were without legal authority to annex a common school district having a scholastic population of more than 250 scholastics to an independent school district having a scholastic population of more than 250 scholastics, and that they were without legal authority, in any event, to take from Joaquin Independent School District No. 38 of Shelby County, Texas, its status as an independent school

district, or to change its name, or to place the management of its school affairs in the hands of trustees appointed by them.

The case was submitted to the court on an agreed statement of facts without the intervention of a jury. The agreed statement of facts was as follows:

"1. Joaquin Independent School District No. 38 of Shelby County, Texas, was duly and legally organized as and constituted an Independent School District by an order of the Commissioners' Court of Shelby County, Texas, which order is dated October 11, 1948, and of record in Volume 12, page 66, et seq., of the Minutes of the Commissioners' Court of Shelby County, Texas, said district being wholly situated in said Shelby County.

"2. Fellowship Consolidated Common School District No. 72, of Shelby County, Texas, was duly and legally established, organized and constituted a consolidated common school district, situated wholly within Shelby County, by an order of the Commissioners' Court of Shelby County, Texas, which order is dated April 1, 1948, and of record in Volume 11, page 628, et seq., of the Minutes of the Commissioners' Court of Shelby County, Texas.

"3. Jackson Common School District No. 77 of Shelby County, Texas, was re-established and constituted a common school district situated wholly in Shelby County, by an order of the County Board of School Trustees of Shelby County, Texas, which order is dated October 29, 1921, and of record in Volume 1, pages 127-129, of the Minutes of said County Board of School Trustees of Shelby County, Texas, and as amended by an order of said County Board of School Trustees which is dated August 4, 1945, and of record in Volume 1, page 443, of the Minutes of said County Board of School Trustees.

"4. Eagle Mill County Line Common School District No. 36, of Shelby and Panola Counties, Texas, was duly and legally organized, established and constituted a county line common school district, situated partly in Shelby County and partly in Panola County, by orders of the County Boards of School Trustees of Shelby and Panola Counties, Texas, which order by the County Board of School Trustees of Shelby County, Texas, is dated December 2, 1916, and of record in Volume 1, pages 31-34, of the Minutes of said County Board of School Trustees of Shelby County, Texas; and the management and control of said school district was duly and legally accorded to Shelby County.

"5. On all dates and at all times material or pertinent to this suit, as well as on all dates and at all times material or pertinent to the proceedings which are under attack in this suit, the aforesaid four school districts were contiguous, in the sense that they adjoined one another and could be included within a common boundary line; and, together, they contained an area in excess of one hundred (100) square miles.

"6. On all dates and at all times material or pertinent to this suit, as well as on all dates and at all times material or pertinent to the proceedings which are under attack in this suit, Joaquin Independent School District No. 38 of Shelby County, Texas, had a scholastic population of more than two hundred and fifty (250), Fellowship Consolidated Common School District No. 72 of Shelby County, Texas, had a scholastic population of two hundred and sixty (260), consisting of two hundred and eleven (211), white scholastics and forty-nine (49) colored scholastics, same being less than four hundred (400), and Eagle Mill County line Common School District No. 36 of Shelby and Panola Counties, Texas, and Jackson Common School District No. 77 of Shelby County, Texas, each had a scholastic population of less than two hundred and fifty (250). The combined scholastic population of Fellowship Consolidated Common School District No. 72 of Shelby County, Texas, Eagle Mill County line Common School District No. 36 of Shelby and Panola Counties, Texas, and Jackson Common School District No. 77 of Shelby County, Texas, was, in fact, less than four hundred (400).

"7. On August 26, 1949, at a regular meeting which was held in the office of the County School Superintendent of Shelby County, at Center, Texas, with all trustees

present and participating, the County School Trustees of Shelby County, State of Texas, passed an order ordering, "that an election be held on the 24th day of September, 1949, at the schoolhouse buildings in each of said school districts (Eagle Mill County line Common School District No. 36 of Shelby and Panola Counties, Texas; Fellowship Consolidated Common School District No. 72 of Shelby County, Texas; Jackson Common School District No. 77 of Shelby County, Texas; Joaquin Independent School District No. 38 of Shelby County, Texas) to determine whether Eagle Mill County line Common School District No. 36, of Shelby and Panola Counties, Texas, and Fellowship Consolidated Common School District No. 72, and Jackson Common School District No. 77, of Shelby County, Texas, shall be annexed by said Shelby County Board of School Trustees to Joaquin Independent School District No. 38, of Shelby County, Texas, to form a county line rural high school district, under and by virtue of Articles 2922a, 2922c, and 2922d, Revised Civil Statutes of Texas, as amended [Vernon's Ann.Civ.St. arts. 2922a, 2922c, 2922d], for the purpose of establishing and operating rural high schools within said proposed county line rural high school district.

"8. On or about August 16, 1949, and before The County School Trustees of Shelby County, State of Texas, passed the aforesaid order for elections to be held in said school districts, The County School Trustees of Panola County, State of Texas, passed its written order authorizing and consenting to the annexation of the aforesaid districts to form a county line rural high school district, and designated Shelby County as the county to have the control and supervision of said proposed county line rural high school district if and when formed.

"9. Notice was given in the manner and for the period of time required by law of the election or elections ordered to be held as aforesaid.

"10. Pursuant to the aforesaid order of The County School Trustees of Shelby County, State of Texas, and to the notice given thereof, elections were duly and regularly held on September 24, 1949, in the manner provided by law, at the schoolhouse building in each of the aforesaid school districts, at which elections the issue as embodied in the aforesaid order for the elections, as well as in the notice given thereof, was voted upon.

"11. Returns of said elections were duly and seasonably made by the proper officers of said elections to The County School Trustees of Shelby County, State of Texas; and at a regular meeting which was held in the office of the County School Superintendent of Shelby County, at Center, Texas, on October 1, 1949, with all trustees present and participating, The County School Trustees of Shelby County, State of Texas, canvassed said returns, and found and declared that four hundred and sixty-three (463) valid and legal votes had been cast at said election in the proposed county line rural high school district, and that of such number three hundred and seventy-nine (379) votes had been cast 'For Annexation' and eighty-four (84) had been cast 'Against Annexation'. A majority of the voters in each district involved cast their votes 'For Annexation'.

"12. Thereupon, at the same time and place, and as a part of the same order in which it canvassed the returns and declared the results of said election, The County School Trustees of Shelby County, State of Texas, having found, as it recited in the order, 'from said returns that a majority of the qualified voters in said proposed district, voting at said election, voted in favor of the annexing of said school districts as provided in the order calling said election, and that said election was legally held in all respects,' passed, made and entered its order.

"13. Also, on said 1st day of October, 1949, at the same meeting, The County School Trustees of Shelby County, State of Texas, passed its order whereby it appointed J. E. Gray, S. P. Leggett, D. A. Williams, J. S. Lafitte, N. W. Rivers, C. E. Pridgeon and J. C. Davis as school trustees of Central Consolidated Rural High School District No. 36 of Shelby County, Texas, and said named persons thereupon took the oath of office and to all intents and

purposes qualified as such trustees, assumed the duties and commenced to function as and to exercise all of the rights and prerogatives of school trustees of a county line rural high school district, and will continue to do so unless prevented by court action.

"14. Since the order was passed, Central Consolidated Rural High School District No. 36, of Shelby County, Texas, has been recognized by all school authorities in Texas as a county line rural high school district composed of Joaquin Independent School District No. 38 of Shelby County, Texas, Eagle Mill County Line Common School District No. 36 of Shelby and Panola Counties, Texas, Fellowship Consolidated Common School District No. 72 of Shelby County, Texas, and Jackson Common School District No. 77 of Shelby County, Texas, and not as an independent school district.

"15. Taxes will be levied and collected in Central Consolidated Rural High School District No. 36 of Shelby County, Texas, for school purposes.

"16. The relator, J. H. Childress, resides in Jackson Common School District No. 77 of Shelby County, Texas, owns real estate that is situated within said district, which property he regularly renders for taxes, and on which he regularly pays taxes, including school taxes, and he will be directly affected by any taxes assessed in said purported district for school purposes.

"17. Russell Whiteside, one of the defendants, is the duly elected, qualified and acting County School Superintendent of Shelby County, Texas, and was such on all dates material or pertinent to the issues involved in this suit.

"18. Dennis Shillings, Sam Monk, L. S. Creech, A. P. Swann, and Austin Tyson, five of the defendants, are the duly elected, qualified and acting County School Trustees of Shelby County, Texas, were such on all dates material to this suit; and, together, constitute The County School Trustees of Shelby County, State of Texas.

"19. The respective defendants named in plaintiff's petition or complaint as having been or as being school trustees of the respective districts which were affected by the aforesaid order of annexation were the duly elected and qualified school trustees of the respective districts as alleged in said petition or complaint, and until the aforesaid order of annexation were acting as such and exercising the functions of school trustees of said districts.

"20. The County School Trustees of Shelby County, State of Texas, deemed it to be the best interest of the various school districts affected by its order, as well as to the best interests of the scholastics thereof, that said districts be annexed to form a county line rural high school district.

"21. No reference made herein to Central Consolidated Rural High School District No. 36 of Shelby County, Texas, or to trustees having been appointed therefor, nor, for that matter, any other statement contained herein is to be construed as an admission by plaintiffs that said district was validly formed or is functioning in a legal manner."

Judgment was rendered finding the defendants not guilty, denying plaintiff and relator all relief for which they prayed, and adjudging Central Consolidated Rural High School District No. 36 of Shelby County, Texas, to have been legally created, and the trustees thereof to be lawful officers.

The plaintiff and relator both reasonably excepted to the judgment of the court, gave notice of appeal, and have duly perfected their appeal for review by this court.

The appellants bring their appeal under 9 Points of Error. The first six points say that the judgment of the trial court, upholding the orders and proceedings pertaining to the formation and establishment of Central Consolidated Rural High School District No. 36 of Shelby County as a county rural high school district, was erroneous and argue that Fellowship Consolidated School District No. 72 of Shelby County, a rural common school district having a scholastic population of more than 250 scholastics, could not be legally annexed to Joaquin Independent School District No. 38 of Shelby County, Texas, and independent school district having a scholastic population of

more than 250 scholastics. Their argument is based upon the construction which the appellants seek to give to the articles of the statutes under which the Central Consolidated Rural High School District No. 36 of Shelby County was created. Those articles of Revised Civil Statutes of Texas, as amended, read as follows:

*Art. 2922a.* "In each organized county in this state, and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred (400) scholastic population and independent school districts having less than two hundred fifty (250) scholastic population, for the purpose of establishing and operating rural high schools; *provided, also, that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred fifty (250) scholastic population to a common school district having four hundred (400) or more scholastic population, or to an independent district* having two hundred fifty (250) or more scholastic population * * *."

*Art. 2922b.* "Rural high school districts as provided for in the preceding article shall be classed as common school districts, and all other districts, whether common or independent, composing such rural high school district shall be referred to in this Act as elementary school districts; provided that all independent school districts enlarged by the annexation thereto of one or more common school districts as provided for in Article 2922a shall retain its status and name as an independent school district, and shall continue to operate as an independent school district under the provisions of the existing laws and the laws hereafter enacted governing other independent school districts, except as otherwise provided for herein."

*Art. 2922c.* "No rural high school district, as provided for herein, shall contain a greater area than one hundred square miles, or more than ten elementary school districts, except that the county school board of school trustees may form rural high school districts, as provided in Article 2922a, containing more than one hundred square miles, upon a vote of a majority of the qualified electors in the said proposed rural high school district voting at an election called for such purpose; and provided further, that the said board of county school trustees may form a rural high school district containing more than ten elementary districts upon a vote of a majority of the qualified voters in each of the elementary districts within such proposed rural high school district. As amended Acts 1947, 50th Leg. p. 798, ch. 398, § 2."

*Art. 2922d.* "The county board of trustees of two or more adjoining counties shall have the authority, upon the written order of a majority of the members of each county board concerned, to establish a county line rural high school district, and to designate the county which shall have supervision of said county line rural high school district. Said county line rural high school district shall be governed as other rural high school districts herein provided for."

It is the contention of the appellants that the italicized portion of Article 2922a does not authorize the annexation of a common school district having 250 or more scholastic population to an independent school district having 250 or more scholastic population; that the restrictive participial phrase, "having less than two hundred fifty (250) scholastic population", modifies both components of the compound object of the verb phrase, "may annex", that is, modifies both "one or more common school districts" and "one or more independent school districts"; that no other statute of Texas authorizes the annexation of a common school district having 250 or more scholastic population to an independent school district having 250 or more scholastic population. They contend that if such participial phrase does not modify and restrict "common school district," then there is no restriction on the scholastic population a common school district may have and yet be annexed to another common school district having a scholastic population of as few as 400 or to an independent school district having a scholastic population of as few as 250. They

contend that it was not the intention of the legislature to say that a large common school district having a scholastic population of 2,000 may be annexed to a common school district having a scholastic population of as few as 400 or to an independent school district having a scholastic population of as few as 250.

■ We are unable to agree with this contention of the appellants. Article 2922a clearly authorizes the formation of rural high school districts by two methods, (1) by grouping, and (2) by annexation of school districts. Under the grouping arrangement the statute may be followed by (1) grouping contiguous common school districts having less than 400 scholastic population; (2) grouping independent school districts having less than 250 scholastic population. Under the other method, that of annexation of school districts, four combinations are authorized by the statute: (1) By annexing one or more common school districts to a common school district having 400 or more scholastic population; (2) by annexing one or more independent school districts having less than 250 scholastic population to a common school district having 400 or more scholastic population; (3) by annexing one or more common school districts to an independent school district having 250 or more scholastic population; (4) by annexing one or more independent school districts having less than 250 scholastic population to an independent school district having 250 or more scholastic population. State ex rel. Lowe v. Cadenhead, Tex.Civ.App., 129 S.W. 2d 743 and Liveoak County Board v. Whitsett, Tex.Civ.App., 181 S.W.2d 846. While in the case of State ex rel. Lowe v. Cadenhead, supra, the meaning of the statute as affected by the wording and punctuation thereof and particularly the effect of the phrase "having less than two hundred fifty (250) scholastic population" was not raised and was not discussed, we believe it to be authority for our statement immediately above. We agree with the contention of the appellees here and believe that, grammatically speaking, in Article 2922a, supra, "one or more common school districts" and "one or more independent school districts having less than two hundred fifty (250) scholastic population" are compound objects of the verb phrase "may annex", and since they are separated by the conjunction "or", then each object stands on an equal basis with the other, neither depending on the other in any way. Therefore the participial phrase "having less than two hundred fifty (250) scholastic population" modifies and restricts only the object which it immediately follows, "one or more independent school districts". The latter part of the Article 2922a names the nuclear district as "a common school district having four hundred (400) or more scholastic population" or "an independent [school] district having two hundred fifty (250) or more scholastic population." We find no language here from which it may be assumed that the legislature intended to impose any limitation upon the size of the scholastic population of common school districts that may be annexed to such nuclear school districts. Article 2922d, supra, independently authorizes the establishment of county line rural high school districts and no limitation is contained in such article upon the size of such a county line rural high school district nor of the elements which compose it. By Articles 2922a and 2922c legislature has granted county boards of school trustees great latitude and power in the establishment of rural high school districts. Callahan County School Trustees v. District Trustees of District No. 15, Common School District of Callahan County, Tex.Civ.App., 192 S.W.2d 891. Articles 2922a to 2922c, which authorize the creation of rural high school districts should be liberally construed in order to effect the intent of the legislature to furnish all pupils in rural school districts the privilege of attending good schools and high schools. County School Trustees of Rummels County v. State, Tex.Civ.App., 95 S.W.2d 1001. In the present case each of the three common school districts involved had less than 400 scholastics. These common school districts were annexed to an independent common school district having more than 250 scholastic population. We believe under the agreed statement of facts set out above,

such annexation was properly made in compliance with the statutes. We therefore overrule the first 6 points of the appellants.

Points Nos. 7, 8 and 9 of the appellants assail the judgment of the trial court and say it was erroneous in adjudging and decreeing that the County School Trustees of Shelby County had, by its order of annexation, legally changed the status of Joaquin Independent School District No. 38 of Shelby County from that of an independent school district to that of a common or county line rural high school district; in adjudging and decreeing that the act of the County School Trustees of Shelby County in changing the name of the district it attempted to form from Joaquin Independent School District No. 38 of Shelby County to Central Consolidated Rural High School District No. 36 was legal; and in adjudging and decreeing that the school business of Joaquin Independent School District No. 38 of Shelby County is being legally administered by the persons named by the County School Trustees as trustees of Central Consolidated Rural High School District No. 36 of Shelby County.

■ The appellants in their argument in support of these three points say that the provisions of Article 2922b, Revised Civil Statutes of Texas, require that the new school district here created be regarded as simply an enlarged independent school district. Their argument thereon has been rejected in the cases of Liveoak County Board of School Trustees et al. v. Whitsett Common School et al., Tex.Civ.App., 181 S.W. 2d 846 and State ex rel. Lowe v. Cadenhead, Tex.Civ.App., 129 S.W.2d 743. Writs of error were refused in both of these cases. As pointed out therein, Article 2922b, supra, which provides that an independent school district enlarged by annexation retains its status and name as an independent school district, etc., is limited to those districts enlarged by annexation as provided for in Article 2922a. Article 2922b does not refer to Article 2922c, which permits annexation upon a majority vote of the electors in the proposed district. The Central Consolidated Rural High School District No. 36 of Shelby County was established as a county line rural high school district under Articles 2922a, 2922c and 2922d. An election was held in each of the common school districts and the independent school district and the majority of the votes in each district were cast in favor of annexation to the independent school district to form a county line rural high school district. We believe from the authorities quoted above and from a reading of all the provisions of Article 2922a et seq. that the new district was a properly formed county line rural high school district and was not simply an enlarged independent school district which retained the name and status of the old Joaquin Independent School District. We believe that the county school trustees of Shelby County were authorized to name the district and to appoint seven trustees with authority to act as such until their successors shall be duly elected.

Article 2922b, supra, must be construed and interpreted as applying only to annexations as provided for in Article 2922a. The language of Article 2922b expressly refers only to 2922a. Annexations as provided for in Article 2922a affect only annexations in one county of territory less than 100 square miles in area. Under Articles 2922c and 2922d, however, annexations may be made of an area in excess of 100 square miles and in two or more different counties. Annexations under Article 2922a may be made by the County Board of Trustees without any election, whereas under Article 2922c such a rural high school district as was contemplated here may be made by a vote of the majority of the qualified electors of the proposed district. We believe that if the legislature had intended that Article 2922b should apply to Articles 2922c and 2922d, it would have so provided in the Article itself in plain language. This it did not do.

The judgment of the district court is affirmed.