

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 12, 1963

Honorable J. W. Edgar
Commissioner of Education
Austin, Texas

Opinion No. C-35

Re: Can either a single or a
consolidated common school
district be converted into
a rural high school district
under Articles 2922a-2922c,
Vernon's Civil Statutes, or
any other school law?

Dear Dr. Edgar:

You have written asking if a County School Board, under the authority of Articles 2922a-2922c, Vernon's Civil Statutes, or any other school law, may convert either a single or a consolidated common school district into a rural high school district.

The relevant portions of Article 2922a provide:

"In each organized county in this state, and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred (400) scholastic population and independent school districts having less than two hundred fifty (250) scholastic population, for the purpose of establishing and operating rural high schools; provided, also, that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred fifty (250) scholastic population to a common school district having four hundred (400) or more scholastic population, or to an independent district having two hundred fifty (250) or more scholastic population. . . ." (Emphasis ours).

Article 2922c reads as follows:

"No rural high school district, as provided for herein, shall contain a greater area than one hundred square miles, or more than ten elementary school districts, except

-148-

that the county school board of school
trustees may form rural high school dis-
tricts, as provided in Article 2922a, con-
taining more than one hundred square miles,
upon a vote of a majority of the qualified
electors in the said proposed rural high
school district voting at an election called
for such purpose; and provided further, that
the said board of county school trustees may
form a rural high school district containing
more than ten elementary districts upon a vote
of a majority of the qualified voters in each
of the elementary districts within such pro-
posed rural high school district."

The leading case construing these statutes is State v.
School Trustees of Shelby County, 150 Tex. 238, 239 S.W.2d
777 (1951). It construes Article 2922a to provide two methods
of strengthening and improving rural schools:

    (1)   creation of rural high school districts
        through "grouping" and

    (2)   strengthening existing common and inde-
        pendent districts through annexation.

In construing Article 2922c, the Court held:

"This article does not purport to confer
on boards of county school trustees the power
to create rural high school districts. It is
but a limitation on the power conferred under
the first part of Article 2922a, with exceptions
to the limitation. Bell v. Ditmore, Tex.Civ.
App., 38 S.W.2d 397."

Thus, we can find no language within either Article 2922a
or Article 2922c, which would authorize the County School Board
to convert a common school district, either single or consoli-
dated, into a rural high school district.

An examination of the other school laws reveals that
under Article 2742j, Vernon's Civil Statutes, a common school
district may be converted into an independent school district.
Similarly, Article 2922L (5), Vernon's Civil Statutes, author-
izes the conversion of a rural high school district into an
independent school district. However, we can find no statute au-
thorizing the conversion of an existing common school district,
whether single or consolidated, into a rural high school district.

## SUMMARY

An existing common school district, either single or consolidated, cannot be converted into a rural high school district.

Yours very truly,

WAGGONER CARR
Attorney General

By *Bill Morse Jr.*
Bill Morse, Jr.
Assistant

BMjr:mkh:ms

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Murray Jordan
Scott Garrison
Samuel Strong Pharr
Malcolm L. Quick

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone