

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
*ATTORNEY GENERAL*

August 27, 1948

Hon. Looney E. Lindsey
County Attorney
Upshur County
Gilmer, Texas

Opinion No. V-672

Re: Withdrawal of Bethle-
hem Common School Dis-
trict from the Indian
Rock Consolidated
School District.

Dear Sir:

        We refer to your letter requesting an opinion
from which we quote, in part, as follows:

        "More than three years ago New Beth-
lehem Common School District of Upshur
County was consolidated with the Indian
Rock Common School District of Upshur
County, Texas, to form Indian Rock Con-
solidated School District of Upshur Coun-
ty, Texas.

        "At this time New Bethlehem seeks to
withdraw from the Indian Rock Consolidated
School District.  Pursuant to this desire
this community has presented to the Coun-
ty Judge of Upshur County a petition sign-
ed by more than twenty qualified voters
of the old New Bethlehem Common School Dis-
trict (now a part of the Indian Rock Con-
solidated School District) asking that an
election be held in the old New Bethlehem
District to determine whether or not New
Bethlehem should dissolve or withdraw from
the Indian Rock Consolidated School Dis-
trict.

        "Laboring under the impression that
Art. 2815 (b) of the Revised Civil Stat-
utes of Texas, was still in effect, the
County Judge has ordered the election to
be held on August 31, 1948.  I am enclos-
ing a copy of the election order and a
copy of the notices which have been posted.

"The matter has been brought to my attention and after studying the situation and the law, I have reached the following conclusions, on the correctness of which I desire your opinion . . .

"An election held in only one of the original districts which comprise a consolidated district to determine the question of dissolution would be a void election and the Commissioner's Court would not be authorized to canvass said election or declare the results of said election.

"The County Judge who ordered the election under a mistake of law has the power to rescind said order."

Article 2815, V. C. S., as amended by H. B. 544, 48th Legislature, Acts 1943, provides:

"Article 2815. Dissolution.

"(a) Such consolidated districts may, in the same manner provided for their consolidation, be dissolved and the districts included therein restored to their original status, except that it shall not be necessary to provide polling places in each district. Each such district when so restored shall assume and be liable for its prorata part of the outstanding financial obligations of the consolidated district, such prorata part to be based on the relation the total assessed valuation of all property in the district bears to the total assessed valuation of property in the consolidated district, as shown by the assessment rolls of the district for the current year. No election for the dissolution of said consolidated districts shall be held until three (3) years have elapsed after the date of the election at which such districts were consolidated.

"(b) On the petition of twenty (20), or a majority, of the legally qualified voters of any common school district, or in-

dependent school district, praying for the
withdrawal from a consolidated district,
if three (3) years have elapsed after the
date of the election at which such districts
were consolidated, the County Judge shall
issue an order for an election to be held
in the district desiring withdrawal.  The
County Judge shall give notice of the date
of such election by publieation of the or-
der in some newspaper published in the coun-
ty for twenty (20) days prior to the date on
which such elections are ordered, or by post-
ing a notice of such election in the district
desiring the election.  The Commissioners
Court shall at its next meeting canvass the
returns of such election, and if the votes
cast in said district show a majority in
favor of withdrawing from the consolidation,
the Court shall declare the district sever-
ed and it shall be restored to its original
status. . ."

The present procedure for the dissolution of
an entire consolidated school district located within
one county is set out in Article 2815(a), V. C. S. as
amended, and Article 2815(b), V. C. S.  Subsection (b) of
said Act, which authorized and provided the procedure
for the withdrawal from a consolidated district of a
district composing a part of such consolidation, was re-
pealed by Section 3 of S. B. 181, 50th Legislature, Acts
1947.

Under the present law, therefore, although a
consolidated school district may be dissolved complete-
ly, there is no provision authorizing a district com-
posing a part of the consolidated school district to
withdraw therefrom.  There can only be a complete dis-
solution of the consolidated district under and in ac-
cordance with Articles 2815(a), as amended, and 2815(b),
V. C. S.; there cannot be a partial dissolution of same.
It is elementary that the power of the Legislature to
provide by general laws for the creation, changing or
dissolution of the school districts of Texas is plenary.
Consolidated Common School District No. 5 v. Wood, 112
S.W.(2d) 235, writ refused.

The authority previously placed and existing
in the County Judge under subsection (b) of Article
2815 to order an election to be held in the district

desiring withdrawal from the consolidated district upon presentment of petition of twenty or a majority of the qualified voters of the district praying for withdrawal does not now exist by virtue of the repeal of said subsection (b).

We are unable to find any provision of law, now existing, which authorizes the qualified voters in a district composing a part of a consolidated school district to initiate a petition for withdrawal of their district from the consolidation, or which authorizes the County Judge upon presentment of such a petition to order an election for the purpose in question. The power to dissolve the consolidated district and thereby reestablish the formerly existing compound districts is now delegated upon the condition that it be done in the same manner provided for their consolidation. Consolidated Common School District No. 5 v. Wood, supra.

It has been held that there can be no valid election if the same has not been called by lawful authority, for the right to hold or order an election cannot exist or be lawfully exercised without express grant of power by the Constitution or Legislature. Countz v. Mitchell, 120 Tex. 324, 38 S.W.(2d) 773.

It follows that the election order under consideration herein is ineffective and void. Clearly, under such circumstances, the election order unauthorized and void may be set aside or rescinded. McLemore v. Stanford, 176 S.W.(2d) 770, at page 773; Holden v. Phillips, 132 S.W.(2d) 519.

## SUMMARY

An election proposed to be held in only one of the original districts which comprise a consolidated school district, for the purpose of withdrawing from the consolidation, would be a void election. Countz v. Mitchell, 120 Tex. 324, 38 S.W. (2d) 773; Article 2815, V. C. S., as amended by H. B. 544, 48th Legislature, Acts 1943; Section 3 of S. B. 181, 50th Leg., Acts 1947.