

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 25, 1965

Honorable Ward W. Markley
County Attorney
Jasper County
Courthouse
Jasper, Texas

Opinion No. C-380

Re: Whether or not the Commis-
sioners Court of Jasper
County has the authority
to call an election to
abolish Jasper Hospital
District which was created
pursuant to Article 4494q-9,
V.C.S., and related ques-
tions.

Dear Mr. Markley:

Your letter requesting the opinion of this office states the following facts:

"The 58th Legislature by Acts of 1963, passed Article 4494q-9 'Jasper Hospital District.' Under this Article, and pursuant to Sec. 9 of Article IX Constitution of the State of Texas, the Jasper Hospital District was created consisting of boundaries coinciding with Commissioners Precincts No.1 and No.2.

"The election was had creating the district and levying the taxes not to exceed 75¢ on the hundred dollar valuation.

"The Commissioners' Court of Jasper County has been petitioned to call an election to abolish the hospital district."

After stating the above facts you ask our opinion upon two questions which may be paraphrased as follows:

1. Does the Commissioners' Court of Jasper County have the authority to call an election to abolish the Jasper Hospital District?

2. Does either of the commissioner's precincts which comprise the Jasper Hospital District have the right to hold an election to withdraw from such district?

It is basic to our chosen form of government that the people of this State have no right to vote or hold an election in the absence of some statutory or constitutional provision which provides therefor.  Smith v. Morton Independent School District, 85 S.W.2d 853 (Tex.Civ.App. 1935, error dism.); Trustees of Independent School District v. Elbon, 223 S.W. 1039 (Tex.Civ.App. 1920).  This principle is perhaps best stated in the following language from Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770 (1931) at page 774:

> "It is immaterial that there was a full and fair expression of the voters of the proposed district, as there can be no valid election if the same has not been called by lawful authority.  The rule on this question is thus stated in Cyc. vol. 15, p. 317:  'There can be no valid election without some lawful authority behind it.  The right to hold an election cannot exist or be lawfully exercised without express grant of power by the Constitution or Legislature.'"

We have carefully examined the provisions of Article 4494q-9 of Vernon's Civil Statutes and Section 9 of Article IX of the Texas Constitution and we do not find therein any authority for an election to abolish the Jasper Hospital District or for an election for the withdrawal of either of the commissioners precincts which comprise such district.  Nor do we find any general statutory or constitutional provision which would authorize such an election.  Therefore, under the authorities cited above, you are hereby advised that in our opinion both of your questions must be answered in the negative.

## S U M M A R Y

> The Commissioners Court of Jasper County has no authority to call an election to abolish the Jasper Hospital District established pursuant to Article 4494q-9, V.C.S. and Section 9 of Article IX, Texas Constitution; nor does either of the commissioners precincts which comprise such

district have the authority to hold an
election to withdraw from such district.

Very truly yours,

WAGGONER CARR
Attorney General

By    W. O. Shultz
      Assistant

WOS:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

Malcolm L. Quick

J. C. Davis

Mary K. Wall

John Reeves

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone