

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

**JOHN L. HILL**
**ATTORNEY GENERAL**

October 9, 1973

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. H-123

Re: Supplementation of salaries of district court judges and justices of the Courts of Civil Appeals under House Bill 139, 63rd Legislature, the General Appropriations Bill

Dear Mr. Calvert:

You have requested our answers to a series of questions concerning the Judiciary Article of House Bill 139 of the 63rd Legislature, the General Appropriations Bill for fiscal 1974-1975. The questions involve the maximum rates of compensation of district court judges and justices of the courts of civil appeals.

The Constitution, in Article 5, § § 2, 6 and 7, generally authorizes the Legislature to fix the salaries of judges of the Supreme Court, the courts of civil appeals and the district courts.

Article 6819, Vernon's Texas Civil Statutes, derived from laws in effect prior to the 1925 codification, set the salaries of those jurists at $6,500, $5,000 and $4,000, respectively. While neither has ever been expressly repealed, Article 6819 with Article 6813, which sets the annual salaries of numerous other state officers at sums ranging from $1,250 for members of the Live Stock Sanitary Commission to $6,000 for the Banking Commissioner (the Governor was to get only $4,000), was impliedly repealed by the enactment of Article 6813b, V. T. C. S., and other similar acts dating back to 1933.

Article 6813b provides that all salaries of all state officers and employees will be set by the biennial appropriations bill. "All laws and parts of laws fixing the salaries of all state officers and employees . . . are hereby specifically suspended insofar as they are in conflict with this Act . . . . "

Article 6819a-18a provides that commissioners courts in counties comprising each of the fourteen supreme judicial districts may supplement the salaries of the justices of the courts of civil appeals residing in that district up to $8,000 per year but not to exceed "the total additional compensation authorized to be paid to any District Judge residing within such affected Supreme Judicial District."

Various other subdivisions of Article 6819a provide for the supplementation of the salaries of district court judges by county commissioners courts within their districts for varying amounts and for varying purposes.

For example, Article 6819a-22, V. T. C. S., applicable to Travis County, authorizes its commissioners court to pay the district judges or the districts within the county "a reasonable sum not to exceed Six Thousand Dollars" "for services rendered to Travis County, and for performing administrative duties."

Supplements are authorized as high as $12,000 per annum. Articles 6819a-19b and 6819a-25a, V. T. C. S.

House Bill 139 appropriates, as annual salaries, $40,500 for Chief Justice of the Supreme Court, $40,000 for each associate justice of that court, $35,500 for the chief justice of each court of civil appeals, $35,000 for each associate justice of those courts, and $25,000 for each judge of each district court.

It then provides, as § 2 of the Judiciary Article (p. I-17):

> "Sec. 2. Salary Differential for District Court Judges and Judges of Courts of Civil Appeals. District Court Judges may receive a combined yearly salary rate from state and county sources which is one thousand dollars ($1,000) less than the combined yearly salary rate from state and county sources received by Judges of the Courts of Civil Appeals in whose district the District Court is located. Judges of the Courts of Civil Appeals may receive a combined yearly salary rate from state and county sources which is one thousand dollars ($1,000) less than the yearly salary provided in this Act for an Associate Justice of the Supreme Court and the Court of Criminal Appeals.

"In order that the differential set out above be maintained, each District Court Judge and Judge of the Courts of Civil Appeals shall file a sworn statement with the Comptroller of Public Accounts setting forth the yearly amounts to be received from state and county as salary payments during the ensuing fiscal year. Amended statements shall be filed setting forth any change in the salary rate which occurs during a fiscal year.

"For the purpose of salary payments by the state, the Comptroller of Public Accounts shall determine from the filed statements that the required salary differential set out above is maintained. In the event a salary is in excess of the one thousand dollar ($1,000) differential, the Comptroller is directed to reduce the state's portion of that salary by the amount of excess.

"The appropriations for salaries of District Court Judges and Judges of Courts of Civil Appeals are made contingent upon strict compliance with the provisions of this section and the Comptroller shall have no authority to issue a warrant for salaries which violate these provisions."

The foregoing statutory provisions (including those of the Appropriations Act) lead to some general observations which will help in answering your questions:

1. There is no statutory provision for supplementing the State salaries of Supreme Court justices with county funds. Therefore, the maximum salaries of Supreme Court associate justices is that fixed in the Appropriations Bill - $40,000.

2. Justices of the courts of civil appeals may receive no more than $39,000 from state and county sources. Any county supplement which results in a larger total salary than $39,000 would result in a corresponding reduction in the amount appropriated out of state funds.

3.  The salaries payable to justices of courts of civil appeals are further limited by Article 6819a, V. T. C. S. , not to exceed the supplement authorized to be received by <u>any</u> district judge within their district. We construe this to mean the <u>highest</u> supplement authorized to be received by any district judge in the district.

4.  Even though authorized to receive a greater supplement from the counties comprising his district, a district judge may receive no more from combined state and county sources than $1, 000 less than is received from those combined sources by a justice of the court of civil appeals of the supreme judicial district or districts in which the district court is located.

Your first question asks:

>  "Which of the rates of salary appropriated to the Court of Civil Appeals would be used in [computing the maximum salary of a district judge], the $35, 000 for the two judges, or the $35, 500 rate for the Chief Justice of the Court of Civil Appeals?"

The formula established by the Appropriations Bill has a theme of insuring that membership on an appellate court will result in compensation of at least $1, 000 more than the salary provided a judge on a lower court in the judicial hierarchy.

It is our opinion that the salary of an associate justice of the appropriate court of civil appeals, including any supplementation, is the relevant benchmark against which the supplementation of the salary of a district judge is to be measured in order to accomplish the apparent object and policy of the Legislature adopting the salary differentials. Countz v. Mitchell, 38 S. W. 2d 770 (Tex. 1931). Therefore, in answer to your first question, the salary of a judge of a district court located in the district of a court of civil appeals whose justices receive no salary supplementation from counties may not be more than $34, 000 per year. If the district court is located in the district of a court of civil appeals whose justices receive a salary supplement from counties, the maximum salary for the district judge would be $1, 000 less than the combined yearly salary received from state and county sources by the associate justices of the court of civil appeals in that district.

Your second and third questions ask:

"Section 2 also reads in part, '. . . Judges of the Courts
of Civil Appeals may receive a combined yearly salary rate
from State and County sources which is one thousand dollars
(1, 000) less than the yearly salary provided in this Act for an
Associate Justice of the Supreme Court and the Court of
Criminal Appeals . . . '

"2. Would the Chief Justice of a Court of Civil Appeals
be limited in salary by this provision?

"3. If your answer to Question 2 is in the affirmative,
would the Chief Justice be limited to a combined salary
not to exceed $1, 000 less than $40, 000 for Associate
Justices of the Supreme Court or not to exceed $1, 000
less than $40, 500 which is the salary of the Chief Justice
of the Supreme Court?"

The language of the Appropriations Bill refers to "Judges of the
Courts of Civil Appeals". Throughout the Judiciary Article, the term
"judges" is used generically and should be construed to include chief
justices of the courts of civil appeals as well as associate justices. To
exclude chief justices from the group of judges of the courts of civil appeals
would result in an omission of any mention of chief justices from the salary
supplementation section of the Bill, a result which would be illogical and
clearly contrary to legislative intent. A statute will not be construed in
such a way as to produce an absurd result. Oriental Hotel Co. v. Griffiths,
33 S. W. 652 (Tex. 1895).

It is our opinion that all judges of the courts of civil appeals, including
chief justices as well as associate justices, are limited to a salary not to
exceed $1, 000 less than the yearly salary of an associate justice of the
Supreme Court. See Attorney General Letter Advisory No. 26 (1973).

Your fourth and fifth questions ask:

"4. Brazos County composes the 85th Judicial District alone and is in the 10th Court of Civil Appeals as well as the 1st and 14th Courts of Civil Appeals. Could the District Judge of the 85th Judicial District choose which Court of Civil Appeals he is under for the salary limitation?

"5. District Court No. 1 is composed of Jasper, Newton, Sabine, and San Augustine counties. Newton and Jasper counties are in the 9th Court of Civil Appeals, and Sabine and San Augustine Counties are in the 12th Court of Civil Appeals. Would the district Judge be limited to the supplemental pay from the counties, [i]f any, as that paid by the counties of the 9th Court of Civil Appeals or that paid by the counties of the 12th Court of Civil Appeals? Would the county of residence of the District Judge have a bearing on this question?"

The Bill requires a district judge's salary to be $1, 000 less than "the combined yearly salary rate from state and county sources received by Judges of the Courts of Civil Appeals in whose district the District Court is located" and the fourth paragraph of § 2 calls for strict compliance with the provisions of the section. One apparent purpose of the statutory scheme is to insure that no district judge receives a greater salary than a justice of a court of civil appeals embracing the same district. A district judge's salary from all sources must, therefore, be measured against the lowest salary of any justice of any court of civil appeals whose jurisdiction includes that district. The judge of the 85th Judicial District may receive a salary which is not more than $1, 000 less than the lowest salary of a justice of the courts of civil appeals for the 1st, 10th or 14th districts. The judge of the First Judicial District is limited to a salary measured against the lowest salary paid to any justice of either of the courts of civil appeals for the 9th or 12th districts.

Your final question is:

"6. In certain Courts of Civil Appeals only one county supplements the salaries of the Judges of said courts, would this supplementation regulate the salary to be paid to a District Judge whose district is in the Civil Judicial District, but whose county or counties do not supplement the salaries of the Civil Appeals Judges?"

The Act does not require that a particular county supplement the salaries of justices of a court of civil appeals before it may supplement the salary of a district judge. The only requirements are that the district judge's salary be at least $1,000 less than the lowest salary of a member of any court of civil appeals in whose district the district court is wholly or partially located and that the total salary supplement paid a justice of a court of civil appeals not exceed the total additional compensation authorized to be paid to any district judge residing in the affected supreme judicial district. Article 6819a-18a, V. T. C. S. Provided the Legislature has authorized supplementation of the salary of the judge of a particular district court, it may be supplemented regardless of whether the county also contributes to supplement the salaries of justices of the court of civil appeals.

In connection with your request, District Attorney Robert O. Smith of Travis County has asked "whether or not compensation received as a member of the Travis County Juvenile Board is properly included in the total amount paid the District Judges in Travis County for the purpose of determining their entitlement to an increase under the General Appropriations Bill of the 63rd Legislature?" Section 2 of Article 5139KK, V. T. C. S., applicable to Travis County, creates a County Juvenile Board composed of the county judge and the judges of the civil and criminal district courts of the county. It provides in § 2:

> "As compensation for the added duties imposed
> upon the members of the Juvenile Board, each member
> thereof shall receive the sum of Forty-eight Hundred
> Dollars ($4,800.00) annually, to be paid in equal monthly
> installments out of the general fund of said county. Such
> compensation shall be for all judicial and administrative
> services thereafter to be assigned to them as members
> of the Juvenile Board, and shall be in addition to all other
> compensation allowed or hereafter to be allowed by law
> for County Judges and District Judges." (Emphasis added)

A district judge is not "entitled" to salary supplementation by a county under the terms of the General Appropriations Bill, although other statutes may require a county to provide additional compensation. The General Appropriations Bill merely establishes a ceiling for the "combined yearly salary rate from state and county sources" which a district judge may receive. Article 5139KK, § 2, V. T. C. S., provides that the $4,800 is

compensation for added duties required of members of the Juvenile Board and is "in addition to all other compensation allowed or hereafter to be allowed by law for . . . District Judges." In our opinion, however, it is for services rendered as a judge. See Jones v. Alexander, 59 S. W. 2d 1080 (Tex. 1933). To permit judges to hold two offices, for each of which they were compensated, would run counter to §§ 33 and 40 of Article 16 of the Constitution of Texas.

We are of the opinion, therefore, that the additional $4,800.00 paid to district judges of Travis County for service on the Juvenile Board is a part of their "combined yearly salary rate from state and county sources" and enters into the determination of the amount of salary they may receive from the State under the General Appropriations Bill. If the justices of the court of civil appeals for the Third Supreme Judicial District, which embraces Travis County, receive $39,000 per annum, then the district judges may receive the $4,800 required by Article 5139KK, and the full $6,000 authorized by Article 6819a-22 or a total of $35,800 including the State appropriation. If the justices of that court of civil appeals receive less than a total of $36,800, then the district judges of Travis County will be limited in the amount their salaries may be supplemented. Compare Attorney General Opinion H-96 (1973).

## SUMMARY

Chief justices and associate justices of courts of civil appeals receive from the State as their salary $35,500 and $35,000, respectively. In addition, their salaries may be supplemented by the counties in their respective districts by no more than $8,000 limited by the provision that the combined salary may not exceed $39,000 and the added provision that the supplemental pay may not exceed that authorized to be paid for any district judge residing within the district.

The state salary paid to district judges is $25,000 per year. Their salaries may be supplemented by the counties comprising their districts as provided in the various statutes applicable to different districts. In any event, the combined salary from all state and county sources must be at least $1,000 less than the salary of any associate justice of a court of civil appeals whose district encompasses the district court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee