ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 30, 2004

The Honorable Frank Madla
Chair, Intergovernmental Relations Committee
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

The Honorable Robert E. Talton
Chair, Urban Affairs Committee
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0222

Re: Implementing a tax freeze by a county, city or town, or junior college district for persons with disabilities or persons sixty-five years of age or older (RQ-0171-GA)

Dear Senator Madla and Representative Talton:

Article VIII, Section 1-b(h) of the Texas Constitution, added in 2003, authorizes "a county, a city or town, or a junior college district" to freeze the total amount of ad valorem taxes imposed on the homesteads of persons with disabilities or persons sixty-five years of age or older. *See* TEX. CONST. art. VIII, § 1-b(h). You ask (1) whether the governing body of a home-rule municipality may call an election to approve or disapprove of such a tax freeze without a petition from the voters; (2) whether a tax freeze implemented by a home-rule municipality may be repealed by an election initiated by voter petition and if so, by what procedure; and (3) whether a municipality that has adopted a tax freeze may use a year prior to its adoption as the tax base year.[1]

## I.    Adoption of Tax Freeze by Election

Pertinent to the first question, article VIII, section 1-b(h) provides that "a county, a city or town, or a junior college district" may adopt a tax freeze as follows:

> (h) The governing body of a county, a city or town, or a junior college
> district by official action may provide that if a person who is disabled

---

[1]*See* Letter from Frank Madla, Chair, Intergovernmental Relations Committee, Texas State Senate, to Honorable Greg Abbott, Texas Attorney General (Jan. 21, 2004) [hereinafter Madla Letter]; Letter from Honorable R.D. "Rick" Hurt, Mayor, City of Bedford, to Honorable Kim Brimer, Senate District 10, Texas State Senate (Dec. 10, 2003) (attachment to Madla Letter, *supra*) [hereinafter Madla Attachment]; Letter from Robert E. Talton, Chair, Urban Affairs Committee, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Jan. 20, 2004) [hereinafter Talton Letter] (letters on file with Opinion Committee, *also available at* http://www.oag.state.tx.us).

or is sixty-five (65) years of age or older receives a residence homestead exemption prescribed or authorized by this section, the total amount of ad valorem taxes imposed on that homestead by the county, the city or town, or the junior college district may not be increased while it remains the residence homestead of that person or that person's spouse who is disabled or sixty-five (65) years of age or older and receives a residence homestead exemption on the homestead. As an alternative, on receipt of a petition signed by five percent (5%) of the registered voters of the county, the city or town, or the junior college district, the governing body of the county, the city or town, or the junior college district shall call an election to determine by majority vote whether to establish a tax limitation provided by this subsection. . . . The governing body of a county, a city or town, or a junior college district may not repeal or rescind a tax limitation established under this subsection.

TEX. CONST. art. VIII, § 1-b(h). The first question is whether article VIII, section 1-b(h) permits a governing body of a home-rule municipality to call for a binding election on whether to adopt the freeze when there has been no proper petition from voters. *See* Madla Attachment, *supra* note 1, at 2.

Generally, the right to hold an election must be constitutionally or statutorily authorized. *See Countz v. Mitchell*, 38 S.W.2d 770, 774 (Tex. 1931) (stating that "[t]he right to hold an election cannot exist or be lawfully exercised without express grant of power by the Constitution or Legislature"); *Ellis v. Hanks*, 478 S.W.2d 172, 176 (Tex. Civ. App.–Dallas 1972, writ ref'd n. r. e.) (stating that the right to hold an election "must be derived from the law"); Tex. Att'y Gen. Op. No. GA-0001 (2002) at 3 (stating that "generally the right to hold an election depends upon statutory authorization"). Also, when the constitution expressly grants a power and prescribes the means by which or the manner in which the power is to be exercised, such means or manner is exclusive of all others. *See Houchins v. Plainos*, 110 S.W.2d 549, 553 (Tex. 1937) (concerning procedure for dry area to become wet). Article VIII, section 1-b(h) provides two alternative methods for implementing a tax freeze. First, a governing body "by official action *may* provide" that the total amount of ad valorem taxes for certain taxpayers will not increase – in other words, provide a tax freeze. *See* TEX. CONST. art. VIII, § 1-b(h) (emphasis added). Alternatively, upon proper petition, the governing body "*shall* call an election" to determine whether to establish the provision's tax freeze. *See id.* (emphasis added).

The first question turns on whether the language in article VIII, section 1-b(h) that allows a governing body to implement a tax freeze by "official action" includes the authority for the governmental body to call for a binding election on its own motion, rather than on a proper petition from voters. Generally, a city council takes "official action" by resolution or ordinance promulgated by majority rule of the council. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003). *Compare with* TEX. TAX CODE ANN. § 11.14(c) (Vernon Supp. 2004) (stating that a "governing body of a taxing unit, by resolution or order, depending upon the method prescribed

by law for official action by that governing body, may provide for taxation of [certain] tangible personal property").

The Texas Election Code authorizes governing bodies of certain municipalities to call a local election. *See* TEX. ELEC. CODE ANN. § 3.004(b) (Vernon 2003). Such a governing body's call for an election by order, resolution, or other binding measure undoubtedly would constitute official action. Had the framers intended to deny a governing body the authority to call a tax freeze election without a voter petition, article VIII, section 1-b(h) could have been worded to that effect. Indeed, the constitutional provision expressly limits a governing body's authority in another respect – the provision states that a governing body may not repeal or rescind a tax freeze once adopted. But by using the phrase "official action" without limitation or qualification, article VIII, section 1-(b)h authorizes a governing body to call for a tax freeze election independent of the alternative petition process. TEX. CONST. art. VIII, § 1-b(h).

## II.      Repeal by Election Initiated by Voter Petition

As discussed above, article VIII, section 1-b(h) provides that the "governing body of a county, a city or town, or a junior college district may not repeal or rescind a tax limitation established under this subsection." *Id.* The provision is silent with respect to the authority to repeal an adopted tax freeze by election initiated by voter petition. The second question is whether, once a home-rule municipality has adopted a tax freeze, it may be repealed by a vote initiated by petition. *See* Madla Attachment, *supra* note 1, at 2.

Home-rule charters may contain general provisions for enacting ordinances by election pursuant to a voter petition, known as the initiative process. *See Quick v. City of Austin*, 7 S.W.3d 109, 123 (Tex. 1998). The power of initiative "'is the exercise by the people of a power reserved to them, and not the exercise of a right granted.'" *Glass v. Smith*, 244 S.W.2d 645, 648-49 (Tex. 1951) (quoting *Taxpayers' Ass'n of Harris County v. City of Houston*, 105 S.W.2d 655, 657 (Tex. 1937)). The power of initiative may be limited by a city's charter and is subject to limitations in the general law. *See Glass*, 244 S.W.2d at 649. Moreover, the power of initiative is limited by its very nature: "When the people exercise their rights and powers under the initiative provisions of a city charter they are acting as and become in fact the legislative branch of the municipal government." *Id.* Thus, if the governing body of a home-rule municipality does not have the authority to adopt an ordinance, the voters of the municipality may not do so through the initiative process. *See id.* at 651; *City of Hitchcock v. Longmire*, 572 S.W.2d 122, 127 (Tex. Civ. App.–Houston [1st Dist.] 1978, writ ref'd n.r.e.).

Here, article VIII, section 1-b(h) provides that the "governing body of a county, a city or town, or a junior college district may not repeal or rescind a tax limitation established under this subsection." TEX. CONST. art. VIII, § 1-b(h). Consequently, the voters in an election pursuant to the initiative process, acting as the municipality's legislative branch, likewise do not have authority to repeal or rescind a tax freeze established under article VIII, section 1-b(h). *See City of Hitchcock*, 572 S.W.2d at 127 (holding that voters did not have authority to repeal annexation ordinance if that authority is not first vested in the municipality's governing body).

## III.    Tax Freeze Base Year

On January 13, 2004, the City of Pasadena enacted an ordinance implementing article VIII, section 1-b(h), freezing homestead ad valorem taxes using 2003 records if the constitution permits, but if it does not, using 2004 records. *See* Talton Letter, *supra* note 1, at 1. The third question is whether a city may use as a tax base the year prior to the enactment of the ordinance, that is, whether the amount of ad valorem taxes for the 2003 tax year may be used to establish a tax base. *See id.*

Section 11.261(b) of the Tax Code, added by House Bill 136, directly answers your question, precluding the use of a year prior to implementation as the base tax year:

> The county, municipality, or junior college district *may not increase* the total annual amount of ad valorem taxes the county, municipality, or junior college district imposes on the residence homestead of a disabled individual or an individual 65 years of age or older *above the amount of the taxes* the county, municipality, or junior college district imposed on the residence homestead *in the first tax year, other than a tax year preceding the tax year in which the county, municipality, or junior college district established the limitation* described by Subsection (a), in which the individual qualified that residence homestead for the exemption provided by Section 11.13(c) for a disabled individual or an individual 65 years of age or older. If the individual qualified that residence homestead for the exemption after the beginning of that first year and the residence homestead remains eligible for the exemption for the next year, and if the county, municipal, or junior college district taxes imposed on the residence homestead in the next year are less than the amount of taxes imposed in that first year, a county, municipality, or junior college district may not subsequently increase the total annual amount of ad valorem taxes it imposes on the residence homestead above the amount it imposed on the residence homestead *in the year immediately following the first year, other than a tax year preceding the tax year in which the county, municipality, or junior college district established the limitation* described by Subsection (a), for which the individual qualified that residence homestead for the exemption.

TEX. TAX CODE ANN. § 11.261(b) (Vernon Supp. 2004) (emphasis added). Generally, the base tax year will be the first tax year in which a taxpayer qualifies a residence for the specified homestead exemption, although a different rule may apply should the amount of taxes imposed decline. In any event, the base tax year may not be the tax year preceding the tax year in which the freeze was adopted. Consequently, article VIII, section 1-b(h) does not permit a county, a city or town, or a junior college district implementing that provision to use a year prior to implementation as the base tax year.

## S U M M A R Y

Article VIII, section 1-b(h) of the Texas Constitution authorizes a governing body of a home-rule municipality to call an election to adopt a tax freeze for persons who are disabled or who are sixty-five years of age or older by official action on its own motion and without a petition from the city's voters. A tax freeze adopted by a home-rule municipality under article VIII, section 1-b(h) may not be repealed by an election called pursuant to a petition of the city's voters. Article VIII, section 1-b(h) does not permit a county, city or town, or junior college district implementing that provision to use a year prior to implementation as the base tax year.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee