ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 24, 2014

The Honorable Dan Patrick
Chair, Committee on Education
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-1047

Re: Whether Education Code section 11.301 authorizes the citizens of Harris County to use repealed chapter 18 of the Education Code to increase the county equalization tax
(RQ-1152-GA)

Dear Senator Patrick:

You ask whether section 11.301 of the Education Code authorizes the citizens of Harris County to use repealed chapter 18 of the Education Code to increase the county equalization tax.[1] Former chapter 18 provides for the creation and operation of a countywide school district ("CSD") "for the purpose of adopting a countywide equalization tax for the maintenance of the public schools." TEX. EDUC. CODE ANN. § 18.01-App. (West 2012) (Title 2-Appendix). Although former chapter 18 was repealed in 1995,[2] section 11.301(a) of the Education code provides that "[a] school district or county system operating under former Chapter 17, 18, [or other specified chapters] on May 1, 1995, may continue to operate under the applicable chapter as that chapter existed on that date and under state law generally applicable to school districts that does not conflict with that chapter." TEX. EDUC. CODE ANN. § 11.301(a) (West 2012). We have been informed that the citizens of Harris County created a CSD or county system, the Harris County Department of Education ("HCDE"), which currently operates under former chapters 17 and 18.[3] Thus, section 11.301 of the Education Code authorizes the HCDE to continue to operate under former chapters 17 and 18.

Former chapter 18 authorizes an election initiated by a "petition legally praying for the authority to levy and collect an equalization tax," signed by the requisite number of voters. TEX. EDUC. CODE ANN. § 18.07(a)–(b)-App. (West 2012) (Title 2-Appendix). The "petition may pray

[1]See Letter from Honorable Dan Patrick, Senate Educ. Comm., to Honorable Greg Abbott, Tex. Att'y Gen. at 1–3 (Sept. 23, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]See Act of June 2, 1969, 61st Leg., R.S., ch. 889, § 18.01, 1969 Tex. Gen. Laws 2735, 2849, repealed by Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 58(a)(1), 1995 Tex. Gen. Laws 2207, 2498.

[3]Brief from Sarah W. Langlois, Harris Cnty. Dep't of Educ. at 1 (Oct. 16, 2013) (on file with the Op. Comm.) ("HCDE Brief").

for authority to levy and collect an equalization tax at any specified rate not in excess" of the county's maximum statutory rate. *Id.* § 18.07(c)-App. Former chapter 18 specifies the requisite ballot language:

> The form of the ballot shall be substantially as follows: If no specific tax rate was set in the petition, the proposition shall read: "For county tax" and "Against county tax." If a specific tax rate was incorporated in the petition, the proposition shall read: "For county tax not exceeding _____ cents on the $100 valuation" and "Against county tax not exceeding _____ cents on the $100 valuation."

*Id.* § 18.09(c)–App. We understand that in 1937, the voters of Harris County authorized and established a county equalization tax rate that is less than the statutory maximum rate.[4] *See id.* § 18.12(b)-App. (providing that the voters may approve a rate less than the statutory maximum). You wish to know if former chapter 18's election provisions authorize an election initiated by petition to increase the established county equalization tax rate. Request Letter at 1–2.

The right to hold an election must be expressly authorized by the constitution or by statute. *See Countz v. Mitchell*, 38 S.W.2d 770, 774 (Tex. 1931). At one time, former chapter 18 authorized an election for certain districts "to increase the permissive rate of tax to be levied." Act of May 26, 1971, 62nd Leg., R.S., ch. 994, § 5, 1971 Tex. Gen. Laws 3007, 3008 (former section 18.31, Education Code, now repealed). The Legislature repealed this provision in 1993, and therefore it is not available to those districts operating under former chapter 18 as it existed on May 1, 1995. Act of May 28, 1993, 73rd Leg., R.S., ch. 347, § 1.02(b), 1993 Tex. Gen. Laws 1479, 1491 (repealing section 18.31); TEX. EDUC. CODE ANN. § 11.301(a) (West 2012) (savings provision for chapter 18 as it existed on May 1, 1995). The remaining provisions of former chapter 18 do not authorize an election to increase an established tax rate, even though the chapter addresses subsequent elections for other purposes. TEX. EDUC. CODE ANN. §§ 18.10(e)-App. (West 2012) (Title 2-Appendix) (authorizing a second election when a proposition fails), 18.11-App. (prescribing the time when an election to revoke the tax may be held).

Tax statutes for other entities demonstrate that when the Legislature wishes to authorize subsequent elections to increase a tax rate, it knows how to do so.[5] *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 885 (Tex. 2000) (relying on principle of statutory construction that the Legislature knows how to enact laws effectuating its intent). Because the Legislature has not authorized an election for the purpose of increasing a tax rate of a CSD, a

---

[4]Brief from Vince Ryan, Harris Cnty. Att'y at 1 (Aug. 9, 2013) (attached to RQ-1144-GA), http://www.texasattorneygeneral.gov/opn.

[5]*See e.g.,* TEX. HEALTH & SAFETY CODE ANN. § 283.122(b) (West 2010) (authorizing certain hospital districts to call a tax rate increase election by order or voter petition); TEX. LOC. GOV'T CODE ANN. § 383.104(a) (West 2005) (authorizing county development district board to call an election to increase sales and use tax rate); TEX. TAX CODE ANN. § 321.106(c) (West 2008) (authorizing a fire control district to call a tax increase election).

court would likely conclude that section 11.301 and former chapter 18 of the Education Code do not authorize a CSD to hold a petition-initiated election to increase the county equalization tax.[6] We do not address your remaining questions because they are conditioned on a determination that the statutes authorize such an election.

---

[6]On similar analysis, this office previously determined that a statute authorizing an election to establish a maximum tax rate did not authorize an election to increase the existing maximum tax rate. Tex. Att'y Gen. Op. No. JC-0247 (2000) at 3–4 (determining that a hospital district that had established its maximum tax rate by a statutory election was not authorized to hold a subsequent election to increase the maximum rate).

## S U M M A R Y

A court would likely conclude that section 11.301 and former chapter 18 of the Education Code do not authorize a countywide school district to hold a petition-initiated election to increase the county equalization tax.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee